Eversheds Sutherland (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001-3980

D: +1 202.383.0140
F: +1 202.637.3593

lewiswiener@
eversheds-sutherland.com

February 11, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/13/2020
```

**Via ECF**
The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

# MEMORANDUM ENDORSED

**Re:** *Delacruz v. Jamba Juice*
     Case No. 1:19-cv-10321

Dear Judge Woods:

The undersigned represents Jamba Juice Company, Defendant in the above-referenced matter ("Defendant"). Pursuant to Rule 2.C. of Your Honor's Individual Practices and Rules, Defendant respectfully requests a pre-motion conference to seek leave to file a motion to dismiss Plaintiff's November 6, 2019 Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The grounds for Defendant's motion are set forth below.[1]

### 1. The Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges that Defendant's failure to offer gift cards containing Braille violates Title III of the Americans with Disabilities Act ("ADA"), New State Human Rights Law ("NYSHRL") or New York City Human Rights Law ("NYCHRL"). Plaintiff, however, fails to state a claim for violation of the ADA, NYSHRL or NYCHRL and Plaintiff's Complaint should be dismissed in its entirety.

#### A. Gift Cards are not Places of Public Accommodation Under Title III.

Title III of the ADA prohibits disability-based discrimination "by any person who owns, leases (or leases to), or operates a place of public accommodation" in connection with the goods and services "of [that] place of public accommodation." 42 U.S.C. § 12182(a). Congress specifically defined "public accommodation" for purposes of Title III

---

[1] The legal arguments set forth herein are the arguments that Defendant contemplate making at this time. Defendant reserves the right to make additional legal arguments in its motion to dismiss.

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland. For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

43980272.1

by exhaustively listing twelve categories of places that qualify[2]. 42 U.S.C. § 12181(7); *see* DOJ ADA Title III Technical Assistance Manual ("[T]he 12 categories are an exhaustive list."). A gift card clearly does not fit the express definition of a "place of public accommodation" under the ADA such that the requirements of Title III apply to the Defendant's gift cards themselves. Accordingly, Defendant is not required under Title III to make its gift cards accessible.

### B. The ADA Does Not Require Covered Entities to Offer Accessible Goods.

It is well-accepted that Title III of the ADA regulates *access to* the goods a place of public accommodation offers to the general public but not to the goods that covered entities sell. More specifically, Title III "does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities." 28 C.F.R. § 36.307(a). Gift cards are at most "goods" that Defendant, as a possible place of public accommodation, offers to the general public. As a matter of law the ADA does not require Defendant to change the goods it is selling to offer Braille gift cards.

### C. Braille Gift Cards Are Not Required Auxiliary Aides Under the ADA.

Title III requires covered entities to provide "auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1) *see* 42 U.S.C. § 12182(b)(1)(A)(iii). The "[t]he type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(1)(ii). There is no requirement under the ADA that Defendant use Braille to effectively communicate with blind and visually impaired individuals. Moreover, Plaintiff fails to allege that other means of aide, such as assistance from Defendant's employees in purchasing gift cards or the availability of electronic web or mobile based gift cards, would not result in effective communication so as to meet Defendant's obligations under the ADA.

### D. Plaintiff's State and City Law Claims Should Be Dismissed.

Plaintiff's NYSHRL and NYCHRL claims are based on the same deficient allegations that underlie his ADA claim. Because Plaintiff's ADA claim fails for the reasons stated above, his NYSHRL and NYCHRL claims fail as well. *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) (noting a claim of disability discrimination under the NYSHRL is governed by the same legal standards that govern federal ADA claims). Moreover, at least one Court has found that a NYCHRL claim

---

[2] The twelve categories include, but are not limited to hotels or other places of lodging, restaurants and bars, theaters, grocery stores, banks, train stations, museums, zoos, private schools, senior centers and health clubs. 42 U.S.C. § 12181(7)(A)-(L).

requires that a disabled individual be "entirely exlude[d]" from accessing a public accommodation. *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 263 (S.D.N.Y. 2018). Because there are no allegations that Plaintiff was entirely excluded from Defendant's establishments, Plaintiff's NYCHRL claim fails.

**2. The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1).**

Plaintiff also does not have standing to pursue his claims under Title III of the ADA. Article III standing requires that a plaintiff sustain an "injury in fact" that is concrete and particularized and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). The Second Circuit has explained that the standing requirements of ADA Title III standing are: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013). Plaintiff does not meet these requirements. Plaintiff's lone allegation concerning his interactions with Jamba Juice is that he "contacted Defendant and inquired if Defendant sold store gift cards containing Braille and was informed by Defendant's employees" it did not. Complaint at ¶ 11. Plaintiff, however, does not allege how he contacted Defendant, the identity of the purported "employees" or which of Defendant's establishments he contacted. Plaintiff does not adequately allege that he has ever visited Defendant's establishments that he was denied services or that, outside of a single conclusory allegation, he intends to return to Defendants' establishments in the future. Plaintiff has therefore failed to allege past injury or a plausible intention to return to a Jamba Juice location sufficient to confer standing.

Moreover, given the case law and regulatory guidance on these issues, Defendant does not believe that an amendment of the Complaint can cure the deficiencies in Plaintiff's claims. Accordingly, Defendant believes that Plaintiff's Complaint should be dismissed with prejudice.

Defendant respectfully request the Court set a date for a pre-motion conference to address Defendant's motion to dismiss.

Thank you in advance for your consideration of this matter.

Respectfully submitted,

*/s/ Lewis S. Wiener*
Lewis S. Wiener
Attorney for Defendant Jamba Juice

Application granted in part. The Court will not hold a pre-motion conference to address Defendant's anticipated motion to dismiss. Instead, the Court directs Defendant to submit its motion to dismiss by February 24, 2020; Plaintiff's opposition is due three weeks after the date of service of Defendant's motion; and Defendant's reply, if any, is due one week after the date of service of Plaintiff's opposition. Discovery is stayed pending the Court's decision on the anticipated motion. The initial pretrial conference is adjourned *sine die*. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 14 and 15.

SO ORDERED.

Dated: February 13, 2020
New York, New York

GREGORY H. WOODS
United States District Judge